IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02588-LTB-CBS

CLINTON TEAGUE,
    Plaintiff,
v.

D. CLARK, Z-Unit (Special Housing Unit "SHU") Lieutenant,
J. VIGIL, Z-Unit (Special Housing Unit "SHU") # 1 Correctional Officer, and
B. BATULIS, Z-Unit (Special Housing Unit "SHU") Correctional Officer/Property Officer,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Defendants' Motion to Dismiss (filed September 28, 2007) (doc. # 43). Pursuant to the Order of Reference dated February 6, 2007 (doc. # 11) and the memorandum dated October 1, 2007 (doc. # 44), the Motion was referred to the Magistrate Judge. The court has reviewed the Motion, Mr. Teague's "Motion Opposing Defendants['] Motion to Dismiss" ("Response") (filed October 15, 2007) (doc. # 48), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Statement of the Case

Mr. Teague is currently an inmate at the United States Penitentiary in Florence, Colorado ("USP Florence"). (*See, e.g.* doc. # 105). Mr. Teague is serving a 144-month term of incarceration for Armed Robbery of a Credit Union and a consecutive 60-month term for use of a Firearm During an Armed Robbery of a Credit Union in violation of 18 U.S.C. § 2113(a) and (d) and § 924(c)(1) and (2). (*See* doc. # 43-2 at p. 4 of 5). Mr. Teague has a current release date of September 13, 2008 via good conduct time release. (*See id.*).

Mr. Teague's claims arise from events at USP-Florence "beginning on December 23, 2005." (*See* Complaint (doc. # 23) at p. 3 of 39). Proceeding *pro se*, Mr. Teague has alleged three claims that Defendants violated his First, Fourth, Fifth, Sixth, and Eighth Amendment rights pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Mr. Teague also asserts jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. (*See* Complaint (doc. # 23) at p. 3 of 39). Mr. Teague seeks "compensatory" and "exemplary" damages. (*See* Complaint (doc. # 3) at p. 18 of 39).

In Claim One, Mr. Teague alleges that Defendant D. Clark "failed to supervise the officials who were working in Z-Unit," including Defendants J. Vigil and B. Batulis. Mr. Teague alleges that Defendant "D. Clark's failure to supervise cause Teague's property to be misplaced/lost on December 23, 2005." (*See* Complaint (doc. # 3) at pp. 5-6 of 39). In Claim Two, Mr. Teague alleges that Defendant J. Vigil "failed to supervise" Defendant B. Batulis. Mr. Teague alleges that Defendant "J. Vigil's failure to supervise cause Teague's property to be misplaced/lost on December 23, 2005." (*See* Complaint (doc. # 3) at p. 7 of 39). In Claim Three, Mr. Teague alleges that on December 23, 200, Defendant B. Batulis removed property from his cell without taking proper inventory, resulting in the loss of "photos" at "a total cost of $241.50." (*See* Complaint (doc. # 3) at pp. 9-10, 22 of 39). Mr. Teague alleges that all of the property was provided to him on January 9, 2006 except the "missing/lost" photos. (*See* Response (doc. # 48) at p. 3 of 10).

II.     Defendants' Motion to Dismiss

A.      Standard of Review

Defendants move to dismiss all of Mr. Teague's claims pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over a matter. In addressing a jurisdictional challenge, the court need not presume all of the allegations contained in the complaint to be true, "but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. . . ." *United States v. Rodriguez Aguirre*, 264 F.3d 1195, 1204 (10th Cir. 2001) (citation omitted).

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Twombly*, 127 S.Ct. at 1965. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

The court must construe Mr. Teague's Complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[a] pro se litigant's pleadings are to be construed liberally") (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Hall*, 935 F. 2d at 1110. A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

B. Analysis

1. Sovereign Immunity from *Bivens* Claims

Defendants argue that to the extent Mr. Teague brings his claims under *Bivens*, 403 U.S. at 388, against Defendants in their official capacities, such claims must be dismissed. (*See* Complaint (doc. # 3) at p. 2 of 39 (indicating that Mr. Teague is suing all Defendants in their individual and official capacities)). Mr. Teague responds that "*Bivens* does waive sovereign immunity claims against federal employee's [sic] in their individual capacity." (*See* Mr. Teague's Response (doc. # 48) at p. 2 of 10 (emphasis in original)).

In *Bivens*, 403 U.S. at 388, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66 (2001). "If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity." *Malesko*, 534 U.S. at 72. "The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP." *Malesko*, 534 U.S. at 72. *See also Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity – not . . . against officials in their official capacity"); *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996) (claim for damages against a federal defendant in his official capacity is treated as a claim against the United States). To the extent that Mr. Teague has alleged claims pursuant to *Bivens* against Defendants in their official capacities, such claims are barred by sovereign immunity and are thus properly dismissed with prejudice for lack of subject matter jurisdiction.

2. Personal Participation in Alleged Violations

Personal participation is an essential allegation in a *Bivens* action. A defendant may

4

not be held liable merely because of his or her supervisory position. *See Kite v. Kelley*, 546 F.2d 334, 336-38 (10th Cir. 1976) (plaintiff suing federal officials for constitutional violations under *Bivens* must show affirmative link between defendant's conduct and the alleged constitutional deprivation). A plaintiff must both allege in the complaint and prove at trial an affirmative link between the alleged constitutional violation and a defendant's participation. *See Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1157 (10th Cir. 2001) (for § 1983 claim, affirmative link between the defendant's conduct and any constitutional violation "must be alleged in the complaint as well as proven at trial").

Defendants D. Clark and J. Vigil argue that Mr. Teague has failed to plead sufficient facts to demonstrate that they had any personal participation in or any supervisory liability for the alleged violations of his constitutional rights. Mr. Teague responds that, as supervisors, Defendants Clark and Vigil were responsible for Defendant B. Batulis' actions. (*See* Response (doc. # 48) at pp. 4-5 of 10 ("Defendants Clark and Vigil have established 'a deliberate intentional acts as supervisor[s] . . . ,'" Defendant Vigil "was responsibl[e] for defendant [Batulis]," and "defendants Clark and Vigil knew or should have known the history of defendant Batulis acts of wrong doings with inmate property." [sic])). Mr. Teague's arguments for liability based purely on Defendants' supervisory positions are contrary to the law. *See Kite v. Kelley*, 546 F.2d at 336-38 ("federal officer may not be held monetarily liable for acts of his subordinates resulting in the deprivation of constitutional rights").

Mr. Teague has not alleged that Defendants D. Clark or J. Vigil were present and/or participated in the removal or loss of his property. There are no allegations that these Defendants had any direct contact with Mr. Teague concerning the removal of property from his cell, that they were present at the time of the removal or loss of his property, or that they actually knew of and acquiesced in the alleged violations. Other than conclusorily alleging that Defendants D. Clark and J. Vigil were "notified of all the wrong doings,

harassments, retaliations, and discriminations committed against Teague by officials of the Z-Unit," Mr. Teague has not alleged any specific dates, times, or conduct by Defendants D. Clark or J. Vigil. (*See* Complaint (doc. # 23) at pp. 5,7 of 39). Mr. Teague alleges that Defendants D. Clark and J. Vigil became aware of constitutional violations against him through his administrative filings. (*See id.*). Defendants D. Clark and J. Vigil cannot be held liable for actions that occurred prior to their knowledge of such alleged actions. In sum, Mr. Teague has not alleged an affirmative link between the alleged constitutional violations and the personal participation of Defendants D. Clark and J. Vigil. Defendants D. Clark and J. Vigil are properly dismissed from this civil action.

3.   Failure to State Claim for Retaliation

Mr. Teague generally alleges retaliation in violation of his First Amendment rights. (*See* doc. # 3 at pp. 3, 5, 7, 9 of 39). Defendants argue that Mr. Teague fails to state a claim upon which relief can be granted for retaliation. Mr. Teague responds that "Plaintiff can prove his claims of retaliations from defendants is true as he states!!! [sic]" (*See* Response (doc. # 48 at p. 5 of 10). Mr. Teague's allegations do not set forth adequate facts to state a cognizable *Bivens* claim for unconstitutional retaliation.

"[G]overnment action which chills constitutionally protected speech or expression contravenes the First Amendment." *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted). Nevertheless, "an inmate is not inoculated from the normal conditions of confinement . . . merely because he has engaged in protected activity." *Peterson*, 149 F.3d at 1144. "[A] plaintiff must prove that but for the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have

taken place." *Peterson*, 149 F.3d at 1144 (internal quotation marks and citation omitted). *See also Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) ("ultimate question is whether events would have transpired differently absent the retaliatory motive") (citation omitted).

In order to establish a claim for retaliation for an individual's exercise of his First Amendment rights, a plaintiff must show: (1) that the plaintiff's activity was protected by the First Amendment; and (2) that the defendant's conduct was in response to that protected activity. *Shero v. City of Grove, Oklahoma*, 510 F.3d 1196, 1203 (10th Cir. 2007). *See also Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) ("To state a valid claim for retaliation . . . , a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation.") (citation omitted). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). *See also Jones*, 188 F.3d at 325 ("Mere conclusionary [sic] allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim") (citation omitted). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. The prisoner must "allege a chronology of events from which retaliation may plausibly be inferred." *Jones*, 188 F.3d at 325 (citation omitted).

Mr. Teague has not alleged any motive for retaliation or that Defendants had knowledge of any protected activity. *See Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668 (7th Cir. 2006) ("proof of retaliation . . . presupposes that the decision-maker knew that the plaintiff engaged in a statutorily protected activity); *Brown v. Crowley*, 312 F.3d 782, 790 (6th Cir. 2002) ("The third element of a retaliation claim is a causal connection between the protected conduct and the adverse action. This element is satisfied where the adverse

action was motivated at least in part by the plaintiff's protected conduct.") (internal quotation marks and citation omitted). Mr. Teague's own allegations indicate that his property was removed on December 23, 2005 "due to DHO placing me on property restriction." (*See* Complaint (doc. # 3) at p. 21 of 39). As Mr. Teague has not alleged that he actually exercised a First Amendment right, he has not adequately pleaded that he was subjected to retaliation for exercising such a right.

Mr. Teague's claim of retaliation is based on nothing more than conclusory allegations. Mr. Teague fails to allege any specific dates, times, or conduct by Defendants sufficient to state a claim upon which relief can be granted for retaliation. Mr. Teague does not plead any particular circumstances, such as a close proximity in time between any protected activity and Defendants' actions. Mr. Teague has not alleged a chronology of events pointing to the Defendants' intent to retaliate against him for protected activity. Mr. Teague fails to state a claim against Defendants for retaliation based on the exercise of a constitutional right. *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (stating standard for § 1983 retaliation claim, and noting that "a complaint of retaliation that is wholly conclusory can be dismissed on the pleadings alone") (internal quotation marks and citation omitted).

4. Failure to State Claim for Conspiracy

Mr. Teague further alleges that Defendant B. Batulis conspired to violate his constitutional rights. (*See* Complaint (doc. # 3) at p. 9 of 39). Civil conspiracy is defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an overt act that results in damage." *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (internal quotation marks and citation omitted). "[C]onclusory allegations that defendants acted in

concert, or conspired without specific factual allegations to support such assertions are insufficient." *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (internal quotation marks and citation omitted).

Mr. Teague has failed to allege facts sufficient to suggest the existence of any of the elements of a conspiracy. He has not alleged with specificity the parties involved, the purpose, or the date, such that Defendant B. Batulis is put on notice of the claim against her. As Mr. Teague has made nothing more than conclusory and vague allegations of a conspiracy, his claim of conspiracy is properly dismissed for failure to state a claim upon which relief can be granted. *See Buckley v. Gomez*, 36 F. Supp. 2d 1216, 1221 (S.D. Cal. 1997) (Where a complaint contains merely conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights, it must be dismissed.") (citations omitted).

5.  Failure to State Claim for Violation of Fourth Amendment

Mr. Teague generally alleges violation of his Fourth Amendment rights. (*See* Complaint (doc. # 3) at pp. 3, 5, 7, 9 of 39). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. Amend. IV. The Supreme Court has concluded "that prisoners have no legitimate expectation of privacy and that the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells . . . ." *Hudson v. Palmer*, 468 U.S. 517, 530 (1984). Mr. Teague's claims are not cognizable under the Fourth Amendment and are properly dismissed with prejudice.

6.  Failure to State Claim for Violation of Fifth Amendment

Mr. Teague generally alleges violation of his Fifth Amendment rights. (*See* Complaint (doc. # 3) at pp. 3, 5, 7, 9 of 39). The Fifth Amendment provides that "[n]o

person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. Amend. V. The Supreme Court has held that neither negligent nor intentional deprivations of property are actionable where a plaintiff has an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (unauthorized intentional acts by state employee do not violate Fourteenth Amendment where adequate post-deprivation state remedy available); *Raditch v. United States*, 929 F.2d 478, 481 (9th Cir.1991) (same due process principles for Fourteenth Amendment apply to federal government through Fifth Amendment); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981) (post-deprivation tort remedies are all the process that is due), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662 (1986). The FTCA provides just such a post-deprivation remedy. The remedy available to Mr. Teague under the FTCA bars his claim of a due process violation. Mr. Teague fails to state a claim upon which relief can be granted under the Fifth Amendment.[1]

7. Failure to State Claim for Violation of Sixth Amendment

Mr. Teague generally alleges violation of his Sixth Amendment rights in all of his

---

[1] The Tenth Circuit has "specifically held that the FTCA and a Bivens claim are alternative remedies." *Robbins v. Wilkie*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a Bivens claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citation omitted). "These are separate and distinct causes of action arising out of the same transaction." *Engle*, 24 F.3d at 135. "[A] *Bivens* claim cannot be brought against the BOP, as a federal agency, or the other defendants in their official capacities." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (citation omitted), *abrogated on other grounds by* 549 U.S. 199 (2007).
To the extent that Mr. Teague is alleging that Defendants were negligent (*see* Response (doc. # 48) at p. 5 of 10), "negligence claims against government agents are not cognizable under *Bivens*, but may only be brought against the federal government itself under the FTCA." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n. 4 (10th Cir. 2001) (citations omitted). The "United States is the only proper defendant in an FTCA action." *Oxendine*, 241 F.3d at 1275 n. 4 (citations omitted). For this reason, Mr. Teague's Complaint cannot be construed as having been brought under the FTCA.

claims. (*See* doc. # 3 at pp. 3, 5, 7, 9 of 39). The Sixth Amendment provides certain rights "[i]n all criminal prosecutions." U.S. CONST. Amend. VI. Mr. Teague has not set forth any factual allegations suggesting that Defendants' conduct did not meet the Sixth Amendment's requirements. Mr. Teague does not allege any facts pertaining to a criminal prosecution. Mr. Teague's response does not address Defendant's argument. (*See* doc. # 48). Mr. Teague's claims are not cognizable under the Sixth Amendment and are properly dismissed with prejudice.[2]

8.     Failure to State Claim for Violation of Eighth Amendment

Mr. Teague also alleges the Defendants' actions constitute cruel and unusual punishment in violation of the Eighth Amendment. Prison officials may be liable under the Eighth Amendment for denying inmates humane conditions of confinement where they know that the inmates face substantial risk of serious harm and deliberately disregard that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). The allegations before the court do not suggest the type of extreme conditions or deliberate conduct prohibited by the Eighth Amendment. The loss of photos at a total cost to Mr. Teague of $241.50 falls far short of the type of deprivation of basic human needs contemplated by the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("extreme deprivations are required to make out a conditions-of-confinement claim"). Mr. Teague's Eighth Amendment claim is properly dismissed for failure to state a claim upon which relief can be granted.

---

[2]     The court "notes, without deciding, the question of whether Mr. [Teague] can properly bring a *Bivens* cause of action alleging violation of the Sixth Amendment." *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-68 (2001) (explaining that Supreme Court has recognized Bivens causes of action only in Fourth, Fifth, and Eighth Amendment cases).

9. Qualified Immunity

Defendants argue that they are entitled to qualified immunity from Mr. Teague's claims. The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials. *Johnson v. Fankell*, 520 U.S. 911, 914 (1997). *See also Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity."). "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (internal quotation marks and citation omitted). "A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Id.* *See also Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) ("Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law.") (citation omitted).

As the court recommends herein that the Complaint be dismissed for failure to state a claim upon which relief can be granted, the court need proceed no further on the qualified immunity issue. *See Christiansen v. City of Tulsa*, 332 F.3d 1270, 1278 (10th Cir. 2003) (court "need not reach the question of whether the individual defendants are entitled to qualified immunity if [it] determine[s]. . . , that plaintiffs failed to sufficiently allege the violation of a constitutional right").

Accordingly,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (filed September 28, 2007) (doc. # 43) be GRANTED and this civil action be dismissed.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 1st day of May, 2008.

BY THE COURT:

   s/ Craig B. Shaffer
United States Magistrate Judge